IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN D. Hill,

Plaintiff,

v.

KAREN HANNAH, *et al.*,

Defendants.

ORDER

25-cv-141-wmc

Plaintiff Brian D. Hill is proceeding on claims that defendants have provided inadequate medical care for a knee injury and knee pain in violation of his Eighth Amendment rights. Dkt. 10.  Hill has filed a motion to compel defendant Karen Hannah to respond to discovery requests purportedly mailed on November 2, 2025.  Dkt. 34.  Hill also renews his request for the court's assistance with recruitment of counsel.  Dkt. 38.  The court will deny both motions for the following reasons.

## ANALYSIS

### A.  Motion to compel, Dkt. 34

Hill seeks to compel defendant Karen Hannah to respond to discovery requests he says were mailed on November 2, 2025.  On December 24, 2025, Hill says he mailed a letter to defense counsel requesting responses but received none.  *See* Dkt. 34-1.  Defendant Hannah responds that she has mailed her responses to plaintiff as of January 30, 2026.  Dkt. 37.  In light of this information, the court will deny Hill's motion as moot.  If Hill has any further discovery issues upon review of defendant Hannah's responses, he must make a good faith effort to meet and confer with defendant about the dispute before filing another motion to compel.  *See* Dkt. 23 at 10 ("Before any party may file a discovery motion with the court, that

party first must try to work out the dispute with the other side."); *see also* Fed. R. Civ. P. 37(a)(1) (requiring parties to "meet and confer" in good faith to resolve discovery disputes before filing a motion to compel).

**B. Renewed motion for counsel, Dkt. 38**

Hill also renews his request for counsel, noting that he continues to try to find a lawyer on his own without success, that he has been getting help from two law clerks at his institution who are likely to transfer to other institutions soon, and that he is confused about how to respond to a summary judgment motion.

As the court previously noted, litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to recruit counsel, Hill must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). Hill has shown that he is unable to afford counsel and that he has made efforts to find counsel on his own. But, Hill still has not shown that this case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55.

The court is aware that Hill is representing himself, that federal civil litigation is generally challenging for most self-represented parties, and is especially so for incarcerated individuals. Although the law clerks that have been assisting him may transfer institutions, Hill may continue to seek assistance through his institution's law library. And Hill has received

guidance from this court at the preliminary pretrial conference and in its preliminary pretrial order and packet about how to conduct discovery and prepare summary judgment materials. *See* Dkt. 23 at 7 & Preliminary Pretrial Packet in cases assigned to District Judge William M. Conley at 3–9.[1] Assuming defendants file a summary judgment motion, Hill may review these materials for guidance and do his best to respond to defendants' arguments based on the evidence he has obtained. In the meantime, Hill should continue to focus on using the discovery process to ensure he has the information he needs to support his claims. Hill may request additional time to complete a litigation task for good cause.

I will therefore deny Hill's motion without prejudice. He can renew his motion if his circumstances change and he believes that he is unable to continue to litigate the lawsuit himself. If he refiles his motion, he will need to explain what specific litigation tasks he is unable to accomplish.

---

[1] As a one-time courtesy to Hill, the court will include a copy of its summary judgment procedures, including guidance for self-represented litigants, with this order.

ORDER

IT IS ORDERED that plaintiff's motion for assistance in recruiting counsel, Dkt. 25, is

DENIED without prejudice.

Entered March 25, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge